**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | |
|---|---|
| DORION FLEMING | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| v. | ) |
| | ) |
| LOUISVILLE METRO | ) |
| DEPARTMENT OF CORRECTIONS | ) CIVIL ACTION NO. 3:22-CV-272-RGJ |
| 400 South 6th Street | ) |
| Louisville, KY 40202 | ) |
| | ) |
| Serve:   Jerry Collins | ) |
|          400 South 6th Street | ) |
|          Louisville, KY 40202 | ) |
| | ) |
| AND | ) |
| | ) |
| JUAN OCHOA, Individually | ) |
| 400 South 6th Street | ) |
| Louisville, KY 40202 | ) |
| | ) |
| AND | ) |
| | ) |
| JOE DAVIS, Individually | ) |
| 400 South 6th Street | ) |
| Louisville, KY 40202 | ) |
| | ) |
| AND | ) |
| | ) |
| NATHAN WENCKA, Individually | ) |
| 400 South 6th Street | ) |
| Louisville, KY 40202 | ) |
| | ) |
| AND | ) |
| | ) |
| BRANDON HAZEL, Individually | ) |
| 400 South 6th Street | ) |
| Louisville, KY 40202 | ) |
| | ) |
| AND | ) |
| | ) |
| DWAYNE CLARK, Individually | ) |

| | |
|---|---|
| 400 South 6th Street<br>Louisville, KY 40202<br><br>AND<br><br>LOUISVILLE-JEFFERSON COUNTY<br>METRO GOVERNMENT<br><br>Serve:<br> Hon. Greg Fischer, Mayor<br> 527 West Jefferson Street<br> Louisville, KY 40202<br><br>UNKNOWN DEFENDANTS<br><br>　　　　　　　DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

### I. Preliminary Statement

1. This is a damages action under 42 U.S.C. § 1983 and state law against the Louisville Metro Department of Corrections, its jailers, and Louisville-Jefferson County Metro Government stemming from use of excessive force against Dorion Fleming.  Plaintiff alleges that Juan Ochoa, Joe Davis, Nathan Wencka, and Brandon Hazel violently assaulted Fleming without lawful cause, thereby violating Fleming's right to be free from unreasonable seizure, in gross violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.  Plaintiff further alleges that defendants acted negligently, recklessly or wantonly, and within the course and scope of their employment or, in the alternative, that they acted intentionally, thereby violating Fleming's rights under Kentucky tort law. Plaintiff further alleges that Dwayne Clark, Louisville Metro Department of Corrections, and Louisville-Jefferson County Metro Government and were deliberately indifferent to the need to train and supervise officers to deal properly with citizens in certain situations

and that this failure to train, supervise, and intervene and/or allowed a policy or custom that led directly to Fleming's injuries.

## II. Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, and § 1343 which provides for original district court jurisdiction over cases presenting federal questions.

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

4. Jefferson County, Kentucky is the location of the events and/or omissions giving rise to this claim; therefore, venue in this district is proper pursuant to 28 U.S.C. § 1391.

## III. Parties

5. The plaintiff, Dorion Fleming, at all times material hereto was and is a resident of Kentucky.

6. The defendant, Louisville Metro Department of Corrections (LMDC), is a jail organized under Kentucky law and at all times mentioned herein, was responsible for the establishment of polices, either formally or by custom, regarding employment, training, supervision and conduct of defendants Ochoa, Davis, Wencka, and Hazel and, additionally, was responsible for the employment, training, supervision and conduct of defendants Ochoa, Davis, Wencka, and Hazel.

7. The defendant, Juan Ochoa, in his individual capacity (Ochoa) at all times mentioned herein was and is an officer of the Louisville Metro Department of Corrections and was individually and directly involved in the violent assault of Fleming.

8. The defendant, Joe Davis, in his individual capacity (Davis) at all times mentioned herein was and is an officer of the Louisville Metro Department of Corrections and was individually and directly involved in the violent assault of Fleming.

9. The defendant, Nathan Wencka, in his individual capacity (Wencka) at all times mentioned herein was and is an officer of the Louisville Metro Department of Corrections and was individually and directly involved in the violent assault of Fleming.

10. The defendant, Brandon Hazel, in his individual capacity (Hazel) at all times mentioned herein was and is an officer of the Louisville Metro Department of Corrections and was individually and directly involved in the violent assault of Fleming.

11. The defendant, Dwayne Clark, in his individual capacity (Clark) at all times mentioned herein was and is the director of the Louisville Metro Department of Corrections and failed to properly train, hire, or supervise and/or allowed a policy or custom that led to Mr. Fleming's injuries.

12. The defendant, Louisville-Jefferson County Metro Government (Louisville Metro), is the municipality responsible for the establishment of polices, either formally or by custom, regarding employment, training, supervision and conduct of defendants Ochoa, Davis, Wencka, and Hazel and, additionally, was responsible for the employment, training, supervision and conduct of defendants Ochoa, Davis, Wencka, and Hazel.

### IV. <u>Nature of Defendants' Conduct</u>

13. Upon information and belief, Plaintiff alleges: (i) that defendants individually and in conspiracy with one another engaged in the conduct described herein under color of the law of Jefferson County, Kentucky and the Commonwealth of Kentucky; (ii) that the defendants named above knowingly participated in, acquiesced in, encouraged, implicitly

authorized, explicitly authorized, implicitly approved and/or explicitly approved the conduct described herein in their individual capacities; (iii) that defendants Ochoa, Davis, Wencka, and Hazel knowingly participated in, acquiesced in, encouraged, implicitly authorized, explicitly authorized, implicitly approved and/or explicitly approved the conduct described herein in their official capacities as officers of Louisville Metro Department of Corrections; (iv) that the conduct described herein resulted from the failure and deliberate indifference of the defendants Clark and Louisville Metro Department of Corrections to: (a) employ qualified persons for positions of authority; and/or (b) to properly or conscientiously train and supervise the conduct of such persons after their employment, and/or (c) to promulgate appropriate operating policies and procedures either formally or by custom to protect the Constitutional rights of Fleming; and/or (v) that defendants' conduct was intentional, deliberately indifferent, negligent, grossly negligent, indicated active malice, and/or showed deliberate and/or reckless disregard for and indifference to the health of Fleming and his Constitutional and/or common law rights, and justifies an award of actual and punitive damages.

## V. Facts

14. At all relevant times, the defendants acted under color of state law. In addition, at all relevant times, Ochoa, Davis, Wencka, and Hazel acted within the course and scope of their duties as an officer at the Louisville Metro Department of Corrections. At all relevant times Clark acted within the course and scope of his duty as director at the Louisville Metro Department of Corrections.

15. On or about May 20, 2021 Fleming was in custody of Louisville Metro Department of Corrections and was a pre-trial detainee.

16. During breakfast Fleming asked what was in his food tray.

17. Without provocation, Ochoa, Davis, Wencka, and/or Hazel asked Fleming to be handcuffed.

18. Fleming did not physically or verbally threaten any Louisville Metro Department of Corrections employees, including but not limited to Ochoa, Davis, Wencka, and/or Hazel.

19. At some point Ochoa, Davis, Wencka, and/or Hazel decided to take Fleming to the ground.

20. Fleming was already in handcuffs.

21. Ochoa, Davis, Wencka, and/or Hazel punched Fleming in the face while he was handcuffed.

22. Fleming immediately complained to the Louisville Metro Department of Corrections Staff regarding his injuries.

23. No additional charges were brought against Fleming for anything that happened during the incident.

24. Upon information and belief, the incident was not investigated beyond the officers' accounts and no defendants were disciplined as a result of this incident despite Fleming and a witness contradicting their official accounts.

25. According to local news reports LMDC is currently incapable of providing adequate protection of inmates constitutional rights.

26. Recently before this incident, in 2018, LMDC officers were accused of creating false reports to conceal long histories of violent behavior (See Western District of Kentucky case 3:18-cv-311 Doc [32]).

27. This lawsuit alleged certain officers were known to violently assault inmates and were not sufficiently disciplined or controlled by LMDC.

28. Upon information and belief, the officers were eventually criminally charged and plead guilty despite little to no internal investigation by LMDC.

29. In 2020 another inmate sued LMDC and officers of LMDC after allegedly being beaten despite not threatening officers.

30. The officer involved in that complaint was also accused of filing false reports related to the incident.

31. Upon information and belief, the officer involved in that incident was investigated and terminated.

## VI. Causes of Action

### A. Count I – Violation of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America

32. Paragraphs 1-31 above are incorporated herein by reference and made this Paragraph 32.

33. Defendants', Ochoa, Davis, Wencka, and/or Hazel conduct and use of unnecessary and unwarranted force to subdue Fleming was objectively unreasonable, was intentional, reckless, deliberate, wanton and/or malicious, and was indicative of their total, deliberate and reckless disregard of and indifference toward the health of Fleming, his rights, and the risk of harm to him engendered by the conduct of the defendants.

34. Defendants', Ochoa, Davis, Wencka, and/or Hazel, failed to intervene when they were aware of these unconstitutional actions and could have attempted to prevent them.

35. As a result of the above conduct, Fleming, through the deliberate indifference and gross negligence (if not reckless, intentional and/or malicious conduct) of defendants, Ochoa, Davis, Wencka, and/or Hazel, was seriously injured by objectively unreasonable force,

without due process of law, and in violation of the prohibition on cruel and unusual punishment found in the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §1983.

36. At all times material hereto, defendants, Louisville Metro Department of Corrections, Clark, and/or Louisville Metro enacted or ratified policies or customs that led to the violation of Plaintiff's civil rights or were deliberately indifferent to the violation of Plaintiff's rights.

### B. Count II – General Negligence

37. Paragraphs 1-36 above are incorporated herein by reference and made this Paragraph 36.

38. By virtue of the foregoing, defendants, Ochoa, Davis, Wencka, and/or Hazel, were negligent and/or grossly negligent and said acts and omissions were the direct and proximate cause of the injuries suffered by Fleming.

### C. Count III – Negligent Hiring, Training, and Supervision

39. Paragraphs 1-38 above are incorporated herein by reference and made this Paragraph 39.

40. Louisville Metro Department of Corrections, Clark, and Louisville Metro had a responsibility to adequately hire, train, and supervise officers including Ochoa, Davis, Wencka, and/or Hazel, including but not limited to, training regarding the handling of prisoners.

41. Louisville Metro Department of Corrections, Clark, and Louisville Metro had a responsibility to institute and carry out policies that do not violate the constitutional rights of inmates.

42. Upon information and belief, Louisville Metro Department of Corrections, Clark, and Louisville Metro, tolerated false reporting and physical violence by LMDC officers to the point it was widely known and accepted as custom.

43. Louisville Metro Department of Corrections, Clark, and Louisville Metro were negligent and deliberately indifferent in their duty to adequately hire, train, and supervise the other Defendants.

### D. Count IV – Common Law Battery

44. Paragraphs 1-43 above are incorporated herein by reference and made this Paragraph 44.

45. By virtue of the foregoing, defendants, Ochoa, Davis, Wencka, and/or Hazel, committed common law battery upon Fleming.

### E. Count V - Outrage

46. Paragraphs 1-45 above are incorporated herein by reference and made this Paragraph 46.

47. Each and every Defendants' treatment of Fleming was so beyond the bounds of human decency that it exemplifies the tort of outrage.

### VII. Damages

48. Paragraphs 1-47 above are incorporated herein by reference and made this Paragraph 48.

49. Plaintiff, Dorion Fleming, is entitled to recover his past and future reasonable medical expenses. Plaintiff, Fleming, is also entitled to recover damages for past and future physical and mental pain and suffering he experienced as a result of this incident. The violation of Fleming's Constitutional and common law rights was cruel, malicious, and evinced a total and reckless disregard for his health and his rights, entitling plaintiffs to recover punitive damages to deter such conduct in the future. This relief and these damages are proper under KRS 411.184 and 411.186.

**WHEREFORE**, Plaintiffs request trial by jury of all allegations set forth herein, and that plaintiffs be awarded all damages sought in Paragraph 49, including but not limited to, actual and punitive damages, pre- and post- judgment interest at the maximum legal rate, costs, attorneys' fees and all other relief to which they are entitled under law or in equity.

Respectfully submitted,

/s/ Rob Astorino Jr.
Rob Astorino Jr.
STEIN WHATLEY ATTORNEYS, PLLC
2525 Bardstown Road, Suite 101
Louisville, KY 40205
(502) 553-4750
(502) 459-2787 (f)
rastorino@steinwhatley.com